UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| Philadelphia Indemnity Insurance Company, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:23-cv-00641-kjd |
| ) | |
| v. ) | |
| ) | |
| Life Safety Fire Protection, Inc., *et al*., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT PC CONSTRUCTION'S MOTION TO DISMISS**

Defendant PC Construction, LLC ("PC Construction"), by and through its attorneys, Lynn, Lynn, Blackman & Manitsky, P.C., and pursuant F.R.C.P. 12(b)(6), hereby requests that the Court dismiss Plaintiff's claims against it for the reasons set forth in this Memorandum.

**INTRODUCTION**

Plaintiff's claims against PC Construction are barred, as a matter of law, on multiple, independent grounds. As demonstrated below, PC Construction is not a proper Defendant in this matter and the claims against it should be dismissed, with prejudice.

**LEGAL STANDARD**

"To survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Pieciak v. Crowe LLP*, No. 2:21-CV-00273, 2022 WL 10010523, at *3 (D. Vt. Oct. 17, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "More specifically, the plaintiff must allege sufficient facts to

show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Rubman v. Bayer AG*, No. 2:22-CV-181, 2023 WL 2632832, at *2 (D. Vt. Mar. 24, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678. "If the plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at *5-6 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In reviewing a motion to dismiss, the court must "accept all factual allegations in the Complaint as true and draw all reasonable inferences in the plaintiff's favor." *Adams v. Yacavone*, No. 2:13-CV-10, 2014 WL 12729278, at *2 (D. Vt. Mar. 26, 2014). "However, the Court is not required to credit 'mere conclusory statements' or '[t]hreadbare recitals of the elements of a cause of action. *Id.* at *5 (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678). A defendant may raise the affirmative defense of that an action is barred by the applicable statute of limitations in a motion to dismiss; such motion "is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).

## FACTUAL BACKGROUND[1]

In this subrogation action, Plaintiff asserts that it provided property insurance to the Founders Lodge Condominium Association, Inc. in connection with a condominium association located at Founders Lodge, 5 Village Lodge Road, Stratton, Vermont 05155 ("subject property"), and that as a result of claims made on the policy by Stratton, Plaintiff became subrogated to certain rights and interests for monies paid pursuant to the policy. Compl. ¶¶ 3-4. Plaintiff asserts further that PC Construction "was the general contractor for the construction of the

---

[1] For purposes of this motion only, all facts alleged in Plaintiff's Complaint are assumed as true. PC Construction specifically reserves the right to contest all factual allegations in Plaintiff's Complaint through the filing of an answer.

building where the loss occurred at the subject property and where the fire suppression system was located." *Id.* at ¶ 16.  As to the harm allegedly suffered, pursuant to which Plaintiff seeks to asserts certain subrogation rights, Plaintiff states that "[o]n or about December 26, 2021, as a result of Defendants' improper design, construction, maintenance, and/or repair of the subject fire suppression system, an elbow union containing undrained water froze and burst, causing substantial water damage." *Id.* at ¶ 20.  Furthermore, "[o]n or about January 15, 2022, a drain valve froze and burst, causing substantial water damage to Stratton as a result of Defendants' improper design, construction, maintenance, and/or repair of the subject fire suppression system." *Id.* at ¶ 22.

Plaintiff asserts two claims against PC Construction:  Count V, alleging negligence in the construction of the subject property; and Count VI, alleging breach of the implied warranty of quality workmanship relating to construction of the subject property.  *Id.* at ¶¶ 42-50.

## ARGUMENT

### A. Counts V and VI Are Barred by Subrogor's December 1, 2021 Settlement Agreement or, In the Alternative, the Economic Loss Rule

In a parallel dispute between the subrogor, Founders Lodge Condominium Association, and Founders Lodge Development Corp., related to alleged construction defects at the subject property, the parties executed a Settlement Agreement, dated December 1, 2021, which states, in relevant part:

> The Association does for itself, its directors, officers, agents, successors and assigns (the "Releasing Party".. .hereby release and forever discharge Founders Lodge Development Corp. and The Stratton Corporation, **their contractors, subcontractors**, architects and engineers, and their affiliates, principals, employees, agents, partners, subsidiaries, shareholders, **insurers**, parents, officers, predecessors, successors and assigns (the "Released Parties") from **any and all manner of action and actions, cause and causes of action, suits, damages, judgments, executions, claims, claims for property damage and demands whatsoever**, in law or equity. . .**arising out of or relating to the design,**

> **engineering, construction, repair, renovation or maintenance, as well as the supervision of any design, engineering, construction repair or maintenance of the Founders Lodge Condominiums. . .whether such claim be known, unknown or undiscoverable, at any time up to the date of execution of this document**. . ."

(Emphasis added). *See* Settlement Agreement, together with HOA Board authorization of Agreement, attached as Ex. A.[2] The Settlement Agreement specifically and unequivocally releases and discharges all claims against PC Construction and/or its subcontractors in connection with its construction work at the subject property. *See* April 21, 2005 Contract between PC Construction and Founders Lodge Development Company, LLC (a subsidiary of the Stratton Corporation), attached as Ex. B. Because Plaintiff stands in the shoes of the subrogor, Founders Lodge Condominium Association, it is bound by the Settlement Agreement and is foreclosed from bringing the instant action against PC Construction. *See Town of Stowe v. Stowe Theatre Guild*, 2006 VT 79, ¶ 5, 180 Vt. 165, 167, 908 A.2d 447, 449 (2006) ("Subrogation allows an insurer to stand in the shoes of the insured in a lawsuit and thereby collect the amounts the insurer has been compelled to pay for losses caused by the actual wrongdoer . . . [but] an insurer has no greater rights against a third party than its insured enjoys").

Furthermore, and independently dispositive, the Settlement Agreement contains a clause whereby the subrogor must defend, indemnify, and hold harmless the Released Parties from any claims by any unit owner. Ex. A at ¶ 5. Thus, pursuant to the explicit terms of the contract, the insured/subrogor must defend PC Construction in this action by the insurer—a result which makes neither common nor legal sense. *See Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 6,

---

[2] "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citation omitted). "Where a document is not incorporated by reference, the court may neverless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Id.* (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir.2006)).

175 Vt. 196, 198–99, 824 A.2d 586, 589 (2003) (quotation omitted) ("an insurer cannot recover by means of subrogation against its own insured").

Finally, "[t]he economic loss rule 'prohibits recovery in tort for purely economic losses.'" *Long Trail House Condo. Ass'n v. Engelberth Const., Inc.*, 2012 VT 80, ¶ 10, 192 Vt. 322, 327, 59 A.3d 752, 755 (2012) (quoting *EBWS, LLC v. Britly Corp.*, 2007 VT 37, ¶ 30, 181 Vt. 513, 928 A.2d 497). "The rule serves to maintain a distinction between contract and tort law." *Long Trail House Condo. Ass'n*, 192 Vt. at 327. As the Vermont Supreme Court has explained:

> In tort law, duties are imposed by law to protect the public from harm, whereas in contract the parties self-impose duties and protect themselves through bargaining. Thus, negligence actions are limited to those involving unanticipated physical injury, and claimants cannot seek, through tort law, to alleviate losses incurred pursuant to a contract.

*EBWS, LLC*, 181 Vt. at 524; *see also Gus' Catering, Inc. v. Menusoft Sys.*, 171 Vt. 556, 558, 762 A.2d 804, 807 (2000) (mem.) ("Negligence law does not generally recognize a duty to exercise reasonable care to avoid intangible economic loss to another unless one's conduct has inflicted some accompanying physical harm, which does not include economic loss.").

Plaintiff here seeks purely economic losses based upon PC Construction's alleged negligence. Accordingly, Plaintiff's negligence claim against PC Construction, set forth in Count V, must be dismissed. *See Heath v. Palmer*, 2006 VT 125, ¶ 15, 181 Vt. 545, 550, 915 A.2d 1290, 1296 (2006) (concluding in case where plaintiffs alleged "contractor's negligence" that the "plaintiffs' remedy for the purely economic losses resulting from the reduced value or costs of repairs of the construction defects sounded in contract rather than tort," and finding "[t]he limitation to contract remedies in this context [to be] the general rule in most other jurisdictions") (citing cases upholding dismissal of negligence claims for purely economic losses resulting from alleged construction defects).

As demonstrated above, both counts against PC Construction must be dismissed, based upon the Settlement Agreement and/or the Economic Loss Rule.

**B. In the Alternative, Count VI Is Barred By Vermont's Statute of Repose**

Pursuant to 27A V.S.A. § 4-116(a), found in the chapter of Vermont code governing condominiums, "a judicial proceeding for breach of any obligation arising under section 4-113 or 4-114 of this title shall be commenced within six years after the cause of action accrues."[3] Furthermore, "a cause of action for breach of warranty of quality, *regardless of the purchaser's lack of knowledge of the breach*, accrues[,]" as to condominium units, at the time the purchaser takes possession or accepts conveyance of a nonpossessory interest, and, as to common elements, at the time the common element is completed.  27A V.S.A. § 4-116(b) (emphasis added). Finally, section 4-114 governs implied warranties of quality and provides the statutory basis for Count VI.  *See* 27A V.S.A. § 4-114.

As Plaintiff acknowledges in its Complaint, the subject property is a condominium. Compl. 3.  Its construction is thus indisputably governed by the statute of repose, 27A V.S.A. § 4-116.  As Colin Reid, General Counsel for PC Construction, declared under oath in parallel litigation in New Hampshire, which action was voluntarily dismissed by Plaintiff and then re-instituted here, "PC Construction completed its work at the [subject] property in 2006 and it has not performed any work or services at the property since that time." *See* Reid Decl. ¶ 5, attached as Ex. C.   Accordingly, because more than six years accrued, pursuant to the statutory definition, prior to Plaintiff bringing this Complaint, Count VI, alleging breach of implied warranty, must be dismissed.

---

[3] *See* 27A V.S.A. § 1-201 ("this title applies to all condominiums in this state after the effective date of this title that may be used for residential purposes and to all other common interest communities that contain 12 or more units that may be used for residential purposes and are created within this state after the effective date of this title").

## **CONCLUSION**

WHEREFORE, Defendant PC Construction respectfully requests the Court dismiss all counts against it in the instant action, and for such other and further relief as the Court deems just under the circumstances.

DATED at Burlington, Vermont this 29th day of January, 2024.

                PC CONSTRUCTION, LLC

        By: */s/ Pietro J. Lynn*
           Pietro J. Lynn, Esq.
           Lynn, Lynn, Blackman & Manitsky, P.C.
           *Attorney for Defendant*
           76 St. Paul Street, Suite 400
           Burlington, VT 05401
           802-860-1500
           plynn@lynnlawvt.com